# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                              Case No. 2:22-cr-117(3)
                                     JUDGE EDMUND A. SARGUS, JR.

DAVID E. PRICE,

        Defendant.

## OPINION AND ORDER

This matter is before the Court on Mr. Price's Motion to Sever. (Mot., ECF No. 723.) The Government opposes his Motion. (Opp., ECF No. 733.) For the below reasons, the Mr. Price's Motion is the **DENIED**.

**I.    BACKGROUND**

In October 2022, the Government charged Defendant David E. Price by a Superseding Indictment with drug distribution, drug trafficking conspiracy, and firearms offenses. (ECF No. 148.) The Government named 22 co-defendants in the same Superseding Indictment and charged them with similar crimes. (*Id.*) In December 2022, the Court designated the case as "unusual and complex" within the meaning of 18 U.S.C. §3161(h)(7)(B)(ii), and set a trial date outside the Speedy Trial Act's 70-day rule. (ECF No. 333, PageID 987–88.) Mr. Price filed his Motion to Sever on March 15, 2024. (Mot.)

Since the Superseding Indictment and Mr. Price's Motion to Sever were filed, many of Mr. Price's co-defendants have signed plea agreements. Recently, the Government charged Mr. Price by a Second Superseding Indictment ("SSI") with additional crimes, including conspiracy to commit sex trafficking and sex trafficking by force, fraud, or coercion. (ECF No. 778.) Mr. Price's

remaining co-defendant, Tavaryyuan Johnson, is also charged in the SSI. (*Id.*) Because of this change in procedural posture, on May 15, 2024, the Court ordered Mr. Price to advise if his Motion to Sever remained ripe for review. (ECF No. 818.) On May 20, 2024, Mr. Price filed a Response indicating his Motion remained ripe. (ECF No. 822.)

## II.     ANALYSIS

In his initial Motion, Mr. Price asks the Court to sever his case from that of his co-defendants for a few reasons. He argues he is charged in certain counts with possession with intent to distribute controlled substances, but those counts do not allege the distribution was in furtherance of the conspiracy. (Mot. PageID 2970.) Next, he contends that the Superseding Indictment and discovery implicate multiple unrelated conspiracies and fail to link Mr. Price to his co-defendants. (*Id.* PageID 2970–71.) In his Response on ripeness, Mr. Price explains that his Motion to Sever "remains ripe for review because the arguments set forth in his motion require severance of his case from that of Defendant Johnson for the purpose of trial." (ECF No. 822.)

The Government responds that the Court should deny Mr. Price's Motion "on the basis that he has neither alleged nor offered argument from which this Court could find specific and compelling prejudice from the continued joinder of the defendant with his co-conspirators nor argued why less drastic measures, such as limiting instructions, could not suffice to cure any risk of undue prejudice." (Opp. PageID 3086.) It urges that joinder is proper because the charges against Mr. Price all stem from his role as a drug distributor within the drug trafficking organization ("DTO"), and his co-defendants were members of the same DTO. (*Id.* PageID 3091.)

Federal Rules of Criminal Procedure 8(b) and 14(a) govern the joinder and severance of defendants for trial. Rule 8(b) provides that an indictment "may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). It also explains that

2

defendants "may be charged in one or more counts together or separately," and "need not be charged in each count." *Id.* Rule 14(a) provides that if joinder of defendants in an indictment "appears to prejudice a defendant . . . the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a).

While a court may order severance, the Sixth Circuit has noted that "severance is not the norm." *United States v. Tisdale*, 980 F.3d 1089, 1094 (6th Cir. 2020). Joint trials are generally favored because they are more efficient, there is one set of evidentiary admissions for all defendants at once, and there is a decreased risk of inconsistent verdicts. *Id.* (citations omitted); *see United States v. Lane*, 474 U.S. 438, 449 (1986) ("The Court has long recognized that joint trials 'conserve state funds, diminish inconvenience to witnesses and public authorities, and avoid delays in bringing those accused of crime to trial.'") (quoting *Bruton v. United States*, 391 U.S. 123, 134 (1968)); *United States v. Beverly*, 369 F.3d 516, 534 (6th Cir. 2004) ("a strong policy presumption exists in favor of joint trials when charges will be proved by the same evidence and result from the same acts") (citations omitted).

Severance is appropriate "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). For example, "[w]hen many defendants are tried together in a complex case and they have markedly different degrees of culpability, this risk of prejudice is heightened." *Id.* (citations omitted). The risk varies with the facts in each case. *Id.*

Mr. Price has not carried his "heavy burden of showing specific and compelling prejudice resulting from a joint trial which can be rectified only by separate trials." *See United States v. Davis*, 809 F.2d 1194, 1207 (6th Cir. 1987). There is no serious risk that a joint trial involving Mr. Price and Mr. Johnson would compromise a specific trial right of Mr. Price's.

Because the Government filed the SSI since Mr. Price's Motion, it is now the relevant charging document. Count 1 in the SSI charges both Mr. Price and Mr. Johnson with conspiracy to distribute and possess with intent to distribute fentanyl, cocaine base, methamphetamine, heroin, marijuana, alprazolam, and oxycodone in violation of 21 U.S.C. §§ 841(a)(l), 841(b)(l)(A)(vi), 841(b)(l)(A)(ii), 841(b)(l)(A)(iii), 841(b)(l)(B)(i), 841(b)(l)(C), 841(b)(2), 846, and 860(a). (SSI ¶ 1.) Mr. Price, Mr. Johnson, and their co-defendants are charged with conspiring and agreeing to distribute and possess with intent to distribute illegal drugs as part of a DTO led by Cordell Washington and Patrick Saultz (both have since taken plea agreements). (*Id.* ¶¶ 1–2.) Mr. Washington and Mr. Saultz, as the leaders of the DTO, received the illegal controlled substances, and then as part of the conspiracy, the co-conspirators used cell phones and code words to store, prepare, package, distribute, and sell the drugs. (*Id.* ¶¶ 3–4.) The co-conspirators also received proceeds from the illegal trafficking of drugs and used various residences for the sale and storage of the illegal controlled substances. (*Id.* ¶¶ 5–6, 9.)

The remaining 16 counts are against either Mr. Price or Mr. Johnson and include possession with intent to distribute illegal drugs, distribution of illegal drugs, firearm offenses, conspiracy to commit sex trafficking, and sex trafficking by force, fraud, or coercion.

Mr. Price and Mr. Johnson are both charged in Count 1 as members of the DTO (*id.* ¶¶ 1–12), and so, much of the evidence the Government plans to offer against each remaining Defendant at trial will overlap. That evidence might include recorded phone calls about narcotics transactions; cell phone extractions; law enforcement testimony about surveillance of drug trafficking activities, including photographs; and testimony of confidential informants and co-conspirators. (*See* Opp. PageID 3093.) Separate trials would be as much of the same evidence and testimony would be offered twice.

Additionally, Count 1 is "logically interrelated with the other acts charged in the" SSI. (*See* SSI); *United States v. Johnson*, 763 F.2d 773, 776 (6th Cir. 1985). It charges Defendants with being part of the same drug trafficking conspiracy, and many of the remaining Counts in the SSI are drug possession with intent to distribute and distribution charges. There are also possession of firearms charges in furtherance of a drug trafficking crime against both Defendants. (*Id.*) As the Government points out, evidence related to certain Counts 2–17[1] was uncovered as part of the investigation into the drug conspiracy charged in Count 1. (Opp. PageID 3092.)

Mr. Price's reliance on *Kotteakos v. United States* is unpersuasive as the facts of that case are distinguishable. 328 U.S. 750 (1946). *Kotteakos* involved eight *separate* conspiracies to violate parts of the National Housing Act. *Id.* at 752. In contrast, the Government alleges that Mr. Price and Mr. Johnson were part of one DTO supplied by the same drug traffickers that operated within the same neighborhoods. (Opp. PageID 3094.)

Finally, as this Court has said in previous orders in this matter, there is always risk of some prejudice, but the severity of that risk varies given the facts of each case. (*See, e.g.*, ECF No. 486.) The Court finds the risk here to be low where both Defendants are charged with participation in the same DTO and reported to the same leaders, Mr. Washington and Mr. Saultz. Less extreme measures like limiting instructions will suffice to cure any risk. *Zafiro*, 506 U.S. 539. Given the strong policy presumption in favor of joint trials, the Court concludes severance is unnecessary.

### III. CONCLUSION

Mr. Price's Motion to Sever is **DENIED**. (ECF No. 723.)

**IT IS SO ORDERED.**

**6/12/2024**                                                            **s/Edmund A. Sargus, Jr.**
**DATE**                                                                    **EDMUND A. SARGUS, JR.**
                                                                              **UNITED STATES DISTRICT JUDGE**

---

[1] The count numbers have changed from the Superseding Indictment to the SSI.