UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

 v.

                                    Case No. 2:22-cr-117 (3) and (5)
                                    JUDGE EDMUND A. SARGUS, JR.

DAVID PRICE
and
TAVARYYUAN JOHNSON,

    Defendants.

## OPINION AND ORDER

This matter, which is set for trial to begin on January 13, 2025 (ECF No. 924), is before the Court on Defendant Tavaryyuan Johnson's "First Motion in Limine" (ECF No. 966) and the Government's "Motion in Limine to Introduce Evidence of Conspiracy Pursuant to 801(d)(2)(E)" (ECF No. 969). The Government responded to Mr. Johnson's Motion (ECF No. 977) and Defendant David Price responded to the Government's Motion (ECF No. 985), as did Mr. Johnson (ECF No. 987). For the reasons stated below, Mr. Johnson's Motion (ECF No. 966) is **DENIED IN PART AS MOOT** and **GRANTED IN PART** and the Government's Motion (ECF No. 969) is **DENIED**.

I.    STANDARD OF REVIEW

Neither the Federal Rules of Evidence nor the Federal Rules of Civil Procedure explicitly authorize a court to rule on an evidentiary motion in limine. The United States Supreme Court has noted, however, that the practice of ruling on such motions "has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States,* 469 U.S. 38, 41 n.4 (1984).

Motions in limine allow the Court to rule on the admissibility of evidence before trial to expedite proceedings and provide the parties with notice of the evidence on which they may not rely to prove their case. *Bennett v. Bd. of Educ. of Washington Cnty. Joint Vocational Sch. Dist.*, C2-08-CV-0663, 2011 WL 4753414, at * 1 (S.D. Ohio Oct. 7, 2011) (Marbley, J.). To prevail on a motion in limine, the movant must show that the evidence is clearly inadmissible. *Id.* If the movant fails to meet that high standard, a court should defer evidentiary rulings so that questions of foundation, relevancy, and potential prejudice may be resolved in the context of trial. *Henricks v. Pickaway Corr. Inst.*, No. 2:08-CV-580, 2016 WL 4577800, at *2 (S.D. Ohio Sept. 2, 2016) (Marbley, J.).

Whether to grant a motion in limine is within the sound discretion of the trial court; the Court may reconsider the admissibility of evidence and even change its ruling on a motion in limine "as the proceedings give context to the pretrial objections." *Id.* (citing *Branham v. Thomas M. Cooley Law Sch.*, 689 F.3d 558, 562 (6th Cir. 2012); *Bennett*, 2011 WL 4753414, at * 1.)

II. ANALYSIS

Mr. Johnson requests exclusion of: (1) statements of alleged coconspirators before the Government proves a prima facie existence of a conspiracy with non-hearsay evidence; and (2) evidence about an alleged non-fatal drug overdose of Mr. Johnson's minor son. (Johnson Mot., ECF No. 966.) The Government responds that it does not intend to introduce any evidence related to Mr. Johnson's son (ECF No. 977, PageID 5551), so Mr. Johnson's second request is **DENIED AS MOOT** (Johnson Mot.).

As for Mr. Johnson's first request, Federal Rule of Evidence 801(d)(2)(E) states that an out-of-court statement offered for the truth of the matter asserted against an opposing party is not hearsay if it "was made by the party's coconspirator during and in furtherance of the conspiracy."

Precedent guides that "[b]efore a district court may admit statements of a co-conspirator, three factors must be established: (1) that the conspiracy existed; (2) that the defendant was a member of the conspiracy; and (3) that the co-conspirator's statements were made in furtherance of the conspiracy." *United States v. Wilson*, 168 F.3d 916, 920 (6th Cir. 1999) (citations omitted); *United States v. Enright*, 579 F.2d 980, 986–87 (6th Cir. 1978). This is known as an "*Enright* finding." *See United States v. Young*, 847 F.3d 328, 352 (6th Cir. 2017) (citing *Enright*, 579 F.2d at 986–87). There are three procedures courts use to make *Enright* findings. First, a court might require the Government to first prove the existence of a conspiracy with non-hearsay evidence. Next, a court could hold a "mini-hearing" outside the presence of the jury to determine whether the jury can consider the coconspirator's statements. Third, a court may conditionally admit a coconspirator statements subject to a later showing of admissibility. *See United States v. Montgomery*, 358 F. App'x. 622, 626 (6th Cir. 2009) (citing *United States v. Vinson*, 606 F.2d 149, 152–53 (6th Cir. 1979)).

Mr. Johnson asks the Court to make all alleged coconspirator statement admissibility decisions either outside the presence of the jury or only after the Government has first sufficiently proven the existence of a conspiracy with non-hearsay evidence. (Johnson Mot. PageID 5386.) He argues that because he is charged with a drug conspiracy along with codefendant David Price—but Mr. Price is also charged with a separate sex trafficking conspiracy, with which Mr. Johnson has no involvement—"the Court should exercise extreme caution in and be hesitant toward admitting alleged coconspirator statements." (*Id.*) "The jury could understandably confuse one of Mr. Price's alleged coconspirators as being associated with Mr. Johnson." (*Id.*)[1]

---

[1] Mr. Johnson incorporates these Motion in Limine arguments into his response to the Government's Motion in Limine. (ECF No. 987.)

The Government responded to Mr. Johnson's Motion and filed its own Motion in Limine on the same issue. The Government argues that having a mini-hearing pretrial "has been roundly criticized as 'burdensome, time-consuming, and uneconomic.'" (Gov't Mot., ECF No. 969, PageID 5467 (citing *Vinson*, 606 F.2d at 152).) The Government asserts that requiring it to prove the existence of a conspiracy with non-hearsay evidence would also be "unduly burdensome" in a case like this one involving multiple defendants, unindicted coconspirators, and acts taken in furtherance of the conspiracy. (*Id.* (citing *United States v. Norwood*, No. 12-CR-20287, 2014 WL 1795560, at *2 (E.D. Mich. May 6, 2014)).) The Government states that the practice of conditionally admitting a coconspirator statements subject to a later showing of admissibility is "firmly entrenched in this circuit's practice," and district courts in this Circuit typically follow suit. (*Id.* (citing *United States v. Holloway*, 740 F.2d 1373, 1375 n.2 (6th Cir. 1984) and collecting district court cases).) It "urges this Court to follow the 'general practice' of conditionally admitting the statements, subject to a later showing of their admissibility by a preponderance of the evidence in light of the other corroborating evidence." (*Id.* PageID 5469.) If the Court takes an alternative approach, the Government cautions that the jury would learn about "aspects of this conspiracy without proper context" and "will hear from the witnesses in a disjointed, stilted manner." (*Id.*)[2]

Mr. Price responds to the Government's Motion in Limine. (ECF No. 985.) He argues that based on the number of witnesses that the Government indicates it will call at trial (16) and the fact that the statements the Government intends to offer have not been identified, conducting a mini-hearing pretrial or requiring the Government to proffer relevant statements for consideration before trial would promote judicial economy and ensure Mr. Price receives a fair

---

[2] The Government incorporates these arguments into its response to Mr. Johnson's Motion. (ECF No. 977.)

trial. (*Id.* PageID 5593–94.)

While judicial efficiency and economy are important considerations, the Court is unconvinced that a grant of Mr. Johnson's request will result in the unduly burdensome situation as envisioned by the Government. For the Government to use Rule 801(d)(2)(E), it must show that a conspiracy existed, the defendant against whom the hearsay is offered was a member of that conspiracy, and the hearsay statement was made in the court and in furtherance of the conspiracy, but it must do so only by the preponderance of the evidence. *Bourjaily v. United States*, 483 U.S. 171, 176 (1987); *United States v. Boykins*, 915 F.2d 1573 (Table) (6th Cir. 1990). As the Government emphasizes, at times, even a single piece of evidence is enough to show a conspiracy exists for purposes of Rule 801(d)(2)(E). *See, e.g.*, *United States v. Mitchell*, 9 F. App'x 485, 491–92 (6th Cir. 2001) (explaining that evidence of a single sale could establish a conspiracy). The Court need not wait until the close of the Government's case in chief to make an *Enright* finding—such a finding may even be made mid-testimony. Trial Transcript, *United States v. Ledbetter*, Case No. 2:14-cr-127, ECF No. 1074, PageID 5799, 5891–94 (S.D. Ohio May 10, 2016) (Marbley, J.) (finding a conspiracy had been shown by the preponderance of the evidence mid-testimony); Trial Transcript, *United States v. Kflegewerges Abate*, et al, Case No. 2:22-cr-222, ECF No. 275, PageID 3162–64 (S.D. Ohio Aug. 14, 2024) (finding by a preponderance of the evidence the existence of a conspiracy after the Government put forth evidence of text messages, GPS location data, and testimony from two co-conspirators).

Because the lower preponderance of the evidence standard applies—an easier hurdle to clear than beyond a reasonable doubt—the Government's position is weakened. It states that it intends to offer around 16 witnesses charged in the conspiracy with direct knowledge. (Gov't Mot. PageID 5470.) It argues that forcing recall of witnesses—some of whom are in custody—

5

would be inefficient, confuse the jury, and prejudice the Government's ability to prove its case. (*Id.*) Yet the Government is simultaneously arguing, correctly, "the bar for finding a conspiracy is low" and such a finding could be made after testimony from a single witness. (*Id.* PageID 5471.) Without insight into why the Government would need to call all 16 witnesses, or a majority of those witnesses, this argument fails to persuade.

The Court must consider other risks associated with conditionally admitting coconspirator hearsay statements. Mr. Johnson argues that conditionally allowing hearsay coconspirator statements risk an unfair trial for him—"putting the cart before the horse . . . is reckless in multi-defendant trials containing multiple allegations of different conspiracies." (Johnson Mot. PageID 5387.) When a court admits hearsay statements subject to a later demonstration of their admissibility by the preponderance of the evidence, it risks having to declare a mistrial if the Government fails to carry its burden and the court is unconvinced a cautionary jury instruction would shield the defendant from prejudice. *Vinson*, 606 F.2d at 153. In contrast, the practice of requiring the Government to meet its initial burden by producing non-hearsay evidence of conspiracy first before making an *Enright* finding "avoids 'the danger . . . of injecting the record with inadmissible hearsay in anticipation of proof of a conspiracy which never materializes.'" *Id.* at 152–53 (citing *United States v. Macklin*, 573 F.2d 1046, 1049 n.3 (8th Cir. 1978)). In Mr. Johnson's case, conditional admission of hearsay statements related to a sex trafficking conspiracy—of which he states he had no involvement—could unfairly prejudice him if the Government is ultimately unable to meet the preponderance of the evidence standard for that conspiracy.

For all these reasons, the Court will require the Government to prove the existence of the conspiracies first with non-hearsay evidence at trial. This negates the need for a pretrial, mini-

6

hearing outside the presence of the jury to determine whether the jury can consider the coconspirator's statements.

### III. CONCLUSION

Defendant Tavaryyuan Johnson's First Motion in Limine (ECF No. 966) is **DENIED IN PART AS MOOT** and **GRANTED IN PART**. The Government's Motion in Limine to Introduce Evidence of Conspiracy Pursuant to 801(d)(2)(E) (ECF No. 969) is **DENIED**.

    **IT IS SO ORDERED.**

**12/16/2024**                                                  **s/Edmund A. Sargus, Jr.**
**DATE**                                                         **EDMUND A. SARGUS, JR.**
                                                                 **UNITED STATES DISTRICT JUDGE**