UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

  v.                                     Case No. 2:22-cr-0117(3)
                                              JUDGE EDMUND A. SARGUS, JR.

**DAVID E. PRICE,**

        **Defendant.**

## OPINION AND ORDER

On March 5, 2024, this Court issued an Opinion and Order denying Defendant David E. Price's request for a *Franks* evidentiary hearing on his then-pending Motion to Suppress. (ECF No. 663.) On April 30, 2024, the Court denied Mr. Price's Motion to Suppress. (Apr. O&O, ECF No. 798.) Trial is scheduled to begin in this matter on January 13, 2025. (ECF No. 924.)

Now before the Court is Mr. Price's Renewed Motion to Suppress and Supporting Memorandum, filed November 25, 2024. (Ren. Mot., ECF No. 967.) In his Renewed Motion, Mr. Price again requests an evidentiary hearing. (*Id.*) The Government has responded in opposition (Resp., ECF No. 980), and the matter is ripe for a decision. The request for a *Franks* evidentiary hearing and the Renewed Motion are **DENIED**.

**I.    BACKGROUND**

The relevant facts are summarized in the April 30, 2024 Opinion and Order and are easily referenced, so they need not be repeated. (Apr. O&O, PageID 3658–62.)

**II.    STANDARD OF REVIEW**

The Federal Rules of Criminal Procedure do not address motions for reconsideration, but the Supreme Court has recognized one's ability to file such motions in criminal cases. *See United States v. Ibarra*, 502 U.S. 1, 6–7 (1991). Courts in this Circuit evaluate criminal motions for

reconsideration under the same standard as civil motions to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e). *United States v. Robinson*, 5 F. Supp. 3d 933, 936 (S.D. Ohio 2014) (Rose, J.) (citations omitted). A court may grant a 59(e) motion to alter or amend if there is (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice. *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). District courts have substantial discretion to decide motions to reconsider. *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). Rule 59(e) motions are "not an opportunity to re-argue a case." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998); *accord State Farm Mut. Auto. Ins. v. Angelo*, 95 F.4th 419, 435 (6th Cir. 2024) ("Motions for reconsideration are not an opportunity to re-argue a case, and should not be used liberally to get a second bite at the apple.") (internal quotations and citations omitted).

When deciding whether to reopen a suppression hearing, "the district court should account for timeliness of the motion, the character of the proposed testimony, the effect of granting the motion, and, most importantly, whether the opposing party will be prejudiced by reopening the record." *United States v. Holland*, 522 F. App'x 265, 270 (6th Cir. 2013). A defendant must offer a "reasonable and adequate explanation for failing to put forth its evidence in the original proceeding." *United States v. Stennis*, 457 F. App'x. 494, 502 (6th Cir. 2012). Generally, a district court "should be extremely reluctant to grant reopenings." *United States v. Carter*, 374 F.3d 399, 405 (6th Cir. 2004) (citations omitted), *vacated on unrelated grounds*, 543 U.S. 1111 (2005).

III. ANALYSIS

Mr. Price argues that reconsideration of his suppression motion is warranted because after his initial suppression motion ("First Motion") was denied, a superseding indictment was

returned.[1] (Ren. Mot. PageID 5397 n.1.) New discovery has been produced, and Mr. Price himself has been transferred to a location that has allowed him to "more actively participate in the preparation of a renewed suppression motion." (*Id.*) Mr. Price also asserts that because the Second Superseding Indictment was returned, his Renewed Motion was filed within the pretrial motion deadline established by the Court's order continuing the trial date. (*Id.*; *see* ECF No. 924.)

Yet despite Mr. Price's reference to the Second Superseding Indictment, new discovery, and easier attorney-client communications, he makes the same arguments he made in his First Motion. (*Compare* ECF No. 484 *with* Ren. Mot.) That is the central position of the Government in its opposition brief: "Price makes almost identical arguments to those that he made in his original motion to this Court." (Resp. PageID 5570.) So the Government makes the same opposition arguments as it did in its original opposition brief. (*Compare* ECF No. 494, PageID 1605 *with* ECF No. 980, PageID 5571.)

In his Renewed Motion, Mr. Price states Detective Brandon Harmon "makes only two allegations of drug trafficking concerning Price"—one based on information from an unidentified informant more than two months before the August 3, 2021 affidavit ("August Affidavit," ECF No. 484-1), and the second based on information from an unidentified informant about a week before the August Affidavit. (Ren. Mot. PageID 5403.) Similarly, he contends, the June 28, 2022 ("June Affidavit," ECF No. 484-2) contains no indication of when the uncorroborated information from the deceased informant was provided. (Ren. Mot. PageID 5403.) He argues such information is stale and unreliable. (*Id.* PageID 5404.) He made the same arguments verbatim in his First Motion. (ECF No. 484, PageID 1518–19.)

---

[1] The docket reflects that the Second Superseding Indictment was returned after Mr. Price filed his First Motion, but before this Court's Opinion and Order denying the First Motion, so the Court construes his assertion as regarding the First Motion rather than the Opinion and Order.

This Court's April Opinion and Order rejected these arguments with lengthy explanation. (Apr. O&O, PageID 3664–68.) An excerpt:

> Mr. Price's focus on a few paragraphs in the August Affidavit and the June Affidavit, which span six pages and 35 pages, respectively, is too narrow of a reading. When the Affidavits are reviewed in their entirety (separately), the circumstances presented in them would lead a reasonable person to believe there was a fair probability that drugs and evidence of sex trafficking would be found at 139 South Princeton in August 2021 and June 2022. *See Smith*, 2022 WL 4115879, at *3 (explaining when probable cause for a search exists). The Affidavits both describe a complex and calculated drug and sex trafficking operation.
>
> The information Mr. Price argues was stale was not. The interview with CS #2 occurred only about one week before the August 2021 search, which is close in time. The interview with CS #1 was less than two months before the August Affidavit. True, the sources did not specify, or the Affidavits failed to note, when the drug and sex trafficking activities took place. Similarly, a reader of the June Affidavit does not know when the interviews with S.B. took place.
>
> But the Sixth Circuit has instructed that "we judge a warrant affidavit 'on the adequacy of what it does contain, not on what it lacks, or on what a critic might say should have been added.'" *United States v. Moore*, 999 F.3d 993, 998 (6th Cir. 2021) (*United States v. Allen*, 211 F.3d 970, 975 (6th Cir. 2000)). There is no set time frame by which a piece of information becomes stale. *See United States v. Spikes*, 158 F.3d 913, 923 (6th Cir. 1998). . . .
>
> Mr. Price argues (correctly) that information related to drug crimes can go stale more quickly than other types of information because "drugs are usually sold and consumed in a prompt fashion." (Mot. PageID 1517); *see Brooks*, 594 F.3d 488, 493 (6th Cir. 2010) (quoting *Frechette*, 583 F.3d at 378)). But he ignores and fails to analyze the above *Frechette* considerations. The Court does, and observes that the Affidavits describe a complex, ongoing criminal conspiracy. *See United States v. Young*, 847 F.3d 328, 347 (6th Cir. 2017) (explaining that the nature of the drug trafficking scheme is a regenerating conspiracy). The players in the conspiracy were entrenched. Detective Harmon explained that he learned 139 South Princeton was owned by Mr. Washington. He also described observing Mr. Price's Buick being parked at 139 South Princeton several times. Special Agent Way identified eight properties including 139 South Princeton that were linked to the DTO and intertwined to one another through the DTO. These locations were not "mere criminal forums of convenience; but rather, the locations [were] at the heart of the criminal charge." *See Abboud*, 438 F.3d at 574 (internal quotation omitted).
>
> The Affidavits included information about sex trafficking offenses that Detective Harmon, Special Agent Way, and others suspected Mr. Price participated in. Evidence pertaining to such offenses is likely to be found on cell phones that a defendant uses to communicate with co-defendants and victims. Cell phone

4

> evidence is not perishable or consumable. *See United States v. Pope*, 852 F. App'x 945, 952 (6th Cir. 2021) ("[u]nlike drugs, an Internet-capable device is not easily consumable or perishable"). So investigators expected to find cell phone evidence too.
>
> Mr. Price's staleness arguments fail.
>
> . . . .
>
> Mr. Price's unreliability argument is undercut by the above finding that probable cause was not based solely on the information from the confidential sources. There was substantial corroboration among the sources, the information they shared, and information learned from physical surveillance, cellular phone pings, and trash pulls. CS #1 and CS #2, and the S.B. all recounted that Mr. Price gave drug-addicted women drugs in exchange for sexual favors.
>
> Moreover, the use of "confidential source" or "CS" rather than "unknown source" or "unidentified source" is pertinent—"confidential" implies a tipster whose identity is known to the police, but is kept secret. *Compare United States v. Elkins*, 300 F.3d 638, 651 (6th Cir. 2002) *with United States v. Christian*, 893 F.3d 846, 856 (6th Cir.), *reh'g en banc granted, opinion vacated,* 904 F.3d 421 (6th Cir. 2018), and *on reh'g en banc,* 925 F.3d 305 (6th Cir. 2019). As to S.B., investigators had previously identified her as a person who had direct knowledge of the DTO, and she was a victim of the sex trafficking going on with the main targets of the DTO. Investigators conducted multiple interviews with S.B.
>
> . . . .
>
> Mr. Price's unreliability argument is unpersuasive.

(*Id.* PageID 3665–68.) This Court found probable cause existed to search 139 South Princeton Avenue, Columbus, Ohio 43222. (Apr. O&O); *see United States v. Sanders*, 106 F.4th 455, 461 (6th Cir. 2024) (en banc), *cert. denied,* No. 24-5864, 2024 WL 4874727 (U.S. Nov. 25, 2024) ("The district court must employ 'great deference' when considering the issuing judge's probable cause determination.") (quoting *United States v. Christian*, 925 F.3d 305, 311–12 (6th Cir. 2019) (en banc)); *United States v. Smith*, No. 21-1457, 2022 WL 4115879, at *3 (6th Cir. Sept. 9, 2022), *cert. denied*, 143 S. Ct. 2499 (2023) (cleaned up) (citing *Florida v. Harris*, 568 U.S. 237, 243–44 (2013)) (Probable cause exists for a search when "the totality of the circumstances presented in a warrant affidavit would lead a person of reasonable caution to believe there is a fair probability

5

that contraband or evidence of a crime will be found in a particular place.").

Mr. Price cites a new case, *United States v. Higgins*, to support his argument that the search warrant affidavit did not provide the requisite nexus. (Ren. Mot. PageID 5403 (citing *United States v. Higgins*, 557 F.3d 381, 385 (6th Cir. 2009)).) Motions for reconsideration are not the appropriate vehicle by which "to raise arguments which could, and should, have been made before judgment issued." *United States v. Childs*, No. 2:23-CR-108, 2024 WL 1699871, at *2 (S.D. Ohio Apr. 19, 2024) (Morrison, J.) (citing *F.D.I.C. v. World Univ. Inc.*, 978 F.2d 10, 16 (1st Cir. 1992)). Mr. Price could have cited this case in his First Motion, and so the Court will not consider his arguments about it now. Even consideration of *Higgins* would not change the Court's determination.

Mr. Price also refers to the allegation that he kept women in dog cages. (Ren. Mot. PageID 5399, 5402, 5408.) He argues that allegation is "demonstrably false since no dog cages were located during the execution of the two search warrants." (*Id.* PageID 5399–5400.) The Court's review of the Affidavits reveals one reference to locking women in "cages." (*See* ECF No. 484-1, PageID 1524.) That no cages were found once the search was executed does not mean that the allegation was untrue. More importantly, this single issue does not negate probable cause for the warrant to issue.

To sum, Mr. Price states at the beginning of his Renewed Motion that he filed it because of the Second Superseding Indictment, new discovery, and easier attorney-client communications. The Renewed Motion references no new evidence, though, that would warrant reconsideration of the Court's April Opinion and Order or reopening the record on the suppression issue. Mr. Price does not argue that there was clear error of law, intervening change in controlling law, or a need to prevent manifest injustice. *See Intera Corp.*, 428 F.3d at 620. The Court's finding that there was a nexus between the property searched and the evidence sought stands.

6

Finally, Mr. Price asks for a *Franks* evidentiary hearing. (Ren. Mot. PageID 5406–07.) An affidavit in support of a search warrant is presumed valid. *United States v. Fountain*, 643 F. App'x 543, 545 (6th Cir. 2016). A defendant is entitled to an evidentiary hearing on the veracity of a warrant affidavit *only if* he or she makes a substantial preliminary showing "that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and [that] the allegedly false statement is necessary to the finding of probable cause." *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978); *United States v. Brown*, 732 F.3d 569, 575 (6th Cir. 2013) (citing *Franks*). By Opinion and Order, this Court already found that "Mr. Price has not made the 'substantial preliminary showing' necessary to warrant a Franks evidentiary hearing." (ECF No. 663, PageID 2515.) Mr. Price makes the same arguments he made in his first request for an evidentiary hearing in his Renewed Motion, so the request is again denied.

## IV. CONCLUSION

For the reasons stated above, Mr. Price's request for a *Franks* evidentiary hearing is **DENIED**, and his Renewed Motion to Suppress and Supporting Memorandum is **DENIED**. (ECF No. 967.)

**IT IS SO ORDERED.**

**12/20/2024**                                              **s/ Edmund A. Sargus, Jr.**
**DATE**                                                    **EDMUND A. SARGUS, JR.**
                                                                       **UNITED STATES DISTRICT JUDGE**