UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

  v.

**DAVID PRICE and
TAVARYYUAN JOHNSON,**

      **Defendants.**

Case No. 2:22-cr-117(3), (5)
JUDGE EDMUND A. SARGUS, JR.

**OPINION AND ORDER**

This matter, which is set for trial to begin on January 13, 2025 (ECF No. 924), is before the Court on and the Government's Motion in Limine to Introduce Statements under Forfeiture by Wrongdoing (Mot., ECF No. 968). The Government moves the Court to admit statements that deceased person T.C. made to a Columbus Division of Police Officer related to Mr. Price controlling drug activity at T.C.'s apartment. (*Id.* PageID 5458.) Defendant David Price responded in opposition. (Resp., ECF No. 986.) For the reasons stated below, the Government's Motion (ECF No. 968) is **HELD IN ABEYANCE**.

**I. STANDARD OF REVIEW**

Neither the Federal Rules of Evidence nor the Federal Rules of Civil Procedure explicitly authorize a court to rule on an evidentiary motion in limine. The United States Supreme Court has noted, however, that the practice of ruling on such motions "has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States,* 469 U.S. 38, 41 n.4 (1984) (citing Federal Rule of Evidence 103(c)).

Motions in limine allow the Court to rule on the admissibility of evidence before trial to expedite proceedings and provide the parties with notice of the evidence on which they may not

rely to prove their case. *Bennett v. Bd. of Educ. of Washington Cnty. Joint Vocational Sch. Dist.*, C2-08-CV-0663, 2011 WL 4753414, at * 1 (S.D. Ohio Oct. 7, 2011) (Marbley, J.). To prevail on a motion in limine, the movant must show that the evidence is clearly inadmissible. *Id.* (citation omitted). If the movant fails to meet that high standard, a court should defer evidentiary rulings so that questions of foundation, relevancy, and potential prejudice may be resolved in the context of trial. *Henricks v. Pickaway Corr. Inst.*, No. 2:08-CV-580, 2016 WL 4577800, at *2 (S.D. Ohio Sept. 2, 2016) (Marbley, J.) (citing *Ind. Ins. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004)).

Whether to grant a motion in limine is within the sound discretion of the trial court; the Court may reconsider the admissibility of evidence and even change its ruling on a motion in limine "as the proceedings give context to the pretrial objections." *Id.* (citing *Branham v. Thomas M. Cooley Law Sch.*, 689 F.3d 558, 562 (6th Cir. 2012); *Bennett*, 2011 WL 4753414, at * 1.)

II. **ANALYSIS**

According to the Government, T.C. made statements about Mr. Price controlling drug activity to the CDP Officer before her death from an overdose. (Mot. PageID 5458.) The Government asserts that an investigation revealed that Mr. Price admitted causing T.C.'s overdose because he believed T.C. was working with the police. (*Id.*) The Government argues that because Mr. Price prevented T.C. from testifying about Mr. Price's drug operations, her statements are admissible under the forfeiture-by-wrongdoing exception of Federal Rule of Evidence 804(b). (*Id.*)

"In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. This Confrontation Clause bars testimony of "a witness who [does] not appear at trial unless he [i]s unavailable to testify, and the defendant had a prior opportunity for cross-examination." *Davis v. Washington*, 547 U.S. 813, 821 (2006) (quoting *Crawford v. Washington*, 541 U.S. 36, 53–54 (2004).) Put differently, "[t]he Amendment

contemplates that a witness who makes testimonial statements admitted against a defendant will ordinarily be present at trial for cross-examination, and that if the witness is unavailable, his prior testimony will be introduced only if the defendant had a prior opportunity to cross-examine him." *Giles v. California*, 554 U.S. 353, 358 (2008).

Like most legal doctrines, there are exceptions to the above premise—relevant here, the forfeiture-by-wrongdoing exception. Fed. R. Evid. 804(b)(6). This exception allows for admission of "[a] statement offered against a party that wrongfully caused . . . the declarant's unavailability as a witness, and did so intending that result." *Id.* Reason being that "when defendants seek to undermine the judicial process by procuring or coercing silence from witnesses and victims, the Sixth Amendment does not require courts to acquiesce." *Davis*, 547 U.S. at 833. Federal Rule of Evidence 804(b)(6) "codifie[d] the forfeiture doctrine." *Id.*

To utilize this exception, the Government must show (1) a witness was unavailable because of a defendant's actions, and (2) the defendant took the actions to keep the witness from testifying. *Giles*, 554 U.S. at 359–62. The Government must prove (1) and (2) by the preponderance of the evidence. *United States v. Roberts*, 84 F.4th 659, 667 (2023). Preventing a witness from testifying need not be the defendant's sole motive for his actions, but it must be at least a reason. *Id.* at 668.

The Government explains that "[a]s for the first prong, [it] has several witnesses to show that Price made admissions to being involved with the death of T.C." (Mot. PageID 5461.) "As for the second prong, Price did ensure that T.C. was killed precisely to stop her from talking to law enforcement, believing her to be a 'snitch'." (*Id.*)

The Court appreciates the Government previewing this evidentiary issue; but no evidence supporting prongs one and two has been presented yet. This is, unsurprisingly, Mr. Price's argument in opposition—"the Court should deny the motion finding that the United States has not

3

presented any evidence (let alone proven beyond a preponderance of evidence) satisfying either of the two prongs." (Opp. PageID 5598.) The Court will not summarily deny the Government's Motion, but will reserve and hold it in abeyance so that it may be resolved in the context of trial.

### III. CONCLUSION

The Government's Motion in Limine to Introduce Statements Under Forfeiture by Wrongdoing (ECF No. 968) is **HELD IN ABEYANCE**.

    **IT IS SO ORDERED.**

**1/4/2025**                             s/Edmund A. Sargus, Jr.  
**DATE**                               **EDMUND A. SARGUS, JR.**
                                         **UNITED STATES DISTRICT JUDGE**