UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                                    Case No. 2:22-cr-117(3), (5)
                                          JUDGE EDMUND A. SARGUS, JR.

DAVID PRICE and TAVARYYUAN
JOHNSON,

        Defendants.

**OPINION AND ORDER**

This matter, which is set for trial to begin on January 13, 2025 (ECF No. 924), is before the Court on the Government's "Motion in Limine to Exclude Certain Evidence and Argument." (Mot., ECF No. 970.) The Government seeks to exclude from trial (1) any argument that evidence was seized unlawfully, (2) evidence pertaining to Columbus Division of Police Detective Brandon Harmon's alleged use of force against an uninvolved party, (3) evidence of either Defendants' "good acts" or character, and (4) evidence of Defendants' potential sentence or punishment following a conviction at trial. (*Id.*) Only Defendant David Price responded the Government's Motion. (Opp., ECF No. 984.) For the reasons below, the Government's Motion (ECF No. 970) is **GRANTED IN PART** and **HELD IN ABEYANCE IN PART**.

    I.    **STANDARD OF REVIEW**

Neither the Federal Rules of Evidence nor the Federal Rules of Civil Procedure explicitly authorize a court to rule on an evidentiary motion in limine. The United States Supreme Court has noted, however, that the practice of ruling on such motions "has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States,* 469 U.S. 38, 41 n.4 (1984) (citing Rule 103(c) of the Federal Rules of Evidence).

Motions in limine allow the Court to rule on the admissibility of evidence before trial to expedite proceedings and provide the parties with notice of the evidence on which they may not rely to prove their case. *Bennett v. Bd. of Educ. of Washington Cnty. Joint Vocational Sch. Dist.*, C2-08-CV-0663, 2011 WL 4753414, at * 1 (S.D. Ohio Oct. 7, 2011) (Marbley, J.). "To prevail on a motion in limine, the movant must show that the evidence is clearly inadmissible." *Id.* (citation omitted). "If the movant fails to meet this high standard, a court should defer evidentiary rulings so that questions of foundation, relevancy, and potential prejudice may be resolved in the context of trial." *Henricks v. Pickaway Corr. Inst.*, No. 2:08-CV-580, 2016 WL 4577800, at *2 (S.D. Ohio Sept. 2, 2016) (Marbley, J.) (citing *Ind. Ins. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004)).

Whether to grant a motion in limine is within the sound discretion of the trial court; the Court may reconsider the admissibility of evidence and even change its ruling on a motion in limine "as the proceedings give context to the pretrial objections." *Id.* (citing *Branham v. Thomas M. Cooley Law Sch.*, 689 F.3d 558, 562 (6th Cir. 2012); *Bennett*, 2011 WL 4753414, at * 1.)

II.  ANALYSIS

The Government seeks to exclude four categories of evidence and arguments related to that evidence. (*See* Mot.) The Court addresses each category of evidence in turn.

    **A.  References to Evidence Seized Unlawfully**

Both Defendants previously moved the Court to suppress certain evidence that Defendants argued was recovered unlawfully. Mr. Price sought to suppress evidence from search warrants executed at 139 South Princeton in 2021 and 2022. (ECF No. 484.) Mr. Johnson moved to suppress evidence from search warrants executed on two addresses in 2022. (ECF No. 706.) He also moved to suppress evidence obtained from a traffic stop that occurred in 2020. (ECF No. 847.) The Court

denied all three motions. (ECF No. 798, 885, 886.) Mr. Price also recently filed a Renewed Motion to Suppress (ECF No. 967) and the Court denied his Renewed Motion (ECF No. 1018).

The Government argues that because the Court concluded that the evidence was obtained lawfully, "neither Defendant [] should be permitted at trial to relitigate the issue of whether the evidence from the aforementioned searches and seizures was recovered unlawfully." (Mot., PageID 5476.) Mr. Johnson did not oppose the Government's Motion and Mr. Price said that he "does not intend to argue to the jury that the search was unlawful[.]" (Opp., PageID 5590.) Accordingly, the Government's Motion on this ground is **GRANTED** as unopposed.

### B. Evidence of Detective Harmon's Alleged Use of Force

Next the Government argues that evidence pertaining to Columbus Division of Police Detective Brandon Harmon's alleged use of force in a prior and unrelated civil lawsuit is irrelevant should be excluded. (Mot., PageID 5476–78.) Mr. Price opposes the Government's Motion and argues that evidence of Detective Harmon's alleged prior "misconduct" is relevant to his "credibility and is the proper subject of impeachment." (Opp., PageID 5591.)

Detective Harmon is a Columbus Division of Police Detective as well as a Task Force Officer with Homeland Security Investigations and previously worked with the Central Ohio Human Trafficking Task Force. (Mot., PageID 5476.) He oversaw the investigation that led to the charges against Defendants in the Third Superseding Indictment. (*Id.*)

In 2019, a plaintiff brought a lawsuit under 42 U.S.C. § 1983 against Detective Harmon and other Columbus Division of Police personnel in this Court for excessive use of force, false imprisonment, malicious prosecution, and several state-law claims. *See Standifer v. City of Columbus, et al.*, Case No. 2:19-cv-3803, 2022 U.S. Dist. LEXIS 16499, at *5 (S.D. Ohio Jan. 31, 2022). Plaintiff alleged that when Detective Harmon was arresting him, he lifted him up by his

3

arms and threw him to the ground causing him injuries. *Id.* The Court granted in part and denied in part defendants' motion for summary judgment, concluding that genuine issues of material fact existed regarding the reasonableness of Detective Harmon's use of force. *Id.* at *22 (preserving the claims against Detective Harmon on summary judgment). There was no merits determination on plaintiff's claims against Detective Harmon because the parties settled the case before the jury reached a verdict. *See Standifer v. City of Columbus, et al.*, Case No. 2:19-cv-3803 (S.D. Ohio Nov. 18, 2022) (ECF No. 136).

The Government intends to call Detective Harmon as a witness at trial. The Government argues that this Court should prohibit Defendants from eliciting testimony about the prior civil lawsuit against Detective Harmon on cross-examination. (Mot., PageID 5477.) Mr. Price counters that allegations against Detective Harmon in the prior lawsuit "go directly to [his] credibility and are the proper subject of impeachment." (Opp., PageID 5591.)

The Confrontation Clause of the Sixth Amendment guarantees Mr. Price the right "to be confronted with the witnesses against him." *United States v. Adams*, 722 F.3d 788, 834 (6th Cir. 2013) (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 678 (1986)). But that right is not "unfettered" and Mr. Price may not "offer testimony that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence." *Taylor v. Illinois*, 484 U.S. 400, 410 (1988). This Court retains discretion "to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, witness' safety, or interrogation that is repetitive or only marginally relevant." *Van Arsdall*, 457 U.S. at 679.

Under Rule 608(b), the Court can allow inquiry on cross-examination into specific instances of a witness's conduct only if such instances are probative of the witness's character for truthfulness or untruthfulness. *See* Fed. R. Evid. 608(b). The questioner, however, may only ask

4

about specific instances of conduct to attack the witness's credibility if they have "a good faith basis that the instance actually occurred." *United States v. Craig*, 953 F.3d 898, 903 (6th Cir. 2020) (citing *United States v. Zidell*, 323 F.3d 412, 426 (6th Cir. 2003)).

Generally, parties can explore potential biases on cross-examination without violating Rule 608 because bias is probative of a witness' character for truthfulness. *United States v. Hatchett*, 918 F.2d 631, 641 (6th Cir. 1990). Bias "describe[s] the relationship between a party and a witness which might lead the witness to slant, unconsciously or otherwise, his testimony in favor of or against a party." *United States v. Abel*, 469 U.S. 45, 52 (1984). "Proof of bias is almost always relevant because the jury, as finder of fact and weigher of credibility, has historically been entitled to assess all evidence which might bear on the accuracy and truth of a witness' testimony." *Id.*

Mr. Price cites *United States v. Hatchett* to support his position that the evidence the Government seeks to exclude is relevant to Detective Harmon's credibility. *See* 918 F.2d at 641. There, the Sixth Circuit agreed with the district court's conclusion that evidence that the witness failed to pay taxes might lead the witness to slant his testimony for the defendant who was also charged with tax evasion. *Hatchett*, 818 F.2d at 641. The witness's prior failure to pay taxes revealed a common pattern of activity with the Defendant and thus was probative of his credibility and character for truthfulness. *Id.*

This case is distinguishable from *Hatchett*. There are no allegations of excessive force here. The plaintiff in the prior lawsuit is not involved in this case and has no connection to Defendants, or any other witness or victim. While proof of bias is almost always relevant, Mr. Price fails to persuade the Court how the allegations in the prior civil lawsuit have any bearing on Detective Harmon's credibility, bias, or motive here. Further, since the lawsuit settled before the jury reached a verdict, Mr. Price has not established a good faith basis to attack Detective Harmon's credibility

on these grounds. *See Craig*, 953 F.3d at 903. Whether Detective Harmon used excessive force in a prior and unrelated lawsuit does not tend to make a fact of consequence here more or less probable, is not probative of his character for truthfulness, and risks confusing the issues and prejudicing the jury. *See* Fed. R. Evid. 401, 402, 403, and 608(b). Accordingly, Detective Harmon's prior alleged use of excessive force is irrelevant and inadmissible.

The Government's Motion is **GRANTED** on ground two. Defendants are precluded from eliciting testimony about Detective Harmon's prior alleged use of excessive force at trial.

### C. Evidence of Defendants' Good Acts or Character

Mr. Price is charged with several drug trafficking and gun charges, as well as conspiracy to commit sex trafficking, and sex trafficking by force, fraud, or coercion. (*See* Third Superseding Indictment, ECF No. 995.) Mr. Price intends to introduce evidence that he "sometimes gave other addicts drugs when they were experiencing withdrawal" to "directly contradict[] the [Government's] contention that he provided drugs to entice women to engage in sexual conduct." (Opp., PageID 5591.) Although Mr. Price cites no case law or Federal Rule of Evidence to support his position, he seems to argue that specific instances of his "good conduct" are relevant to defend against charges that force, fraud, or coercion were used to compel the victims to commit sex acts. (ECF No. 995, PageID 5635–5636, Counts 15–17.) He argues that he "cannot be prohibited from presenting evidence which demonstrates that elements of the charged offenses have not been proven" by the Government. (Opp., PageID 5591.) The Government moves to exclude this evidence. (Mot., PageID 5479–81.)

Evidence of noncriminal acts offered by a defendant to disprove an aspect of the government's case is a subset of "other acts" evidence referred to as "reverse 404(b)" evidence and is subject to the same analysis applicable under Rule 404(b). *United States v. Clark*, 377 F.

App'x 451, 458 (6th Cir. 2010); *United States v. Lucas*, 357 F.3d 599, 605 (6th Cir. 2004). "Evidence that an individual acted lawfully on other occasions not charged in the indictment is generally inadmissible in that it does not negate the charge that he acted with criminal intent on another occasion." *United States v. Mack*, 298 F.R.D. 349, 352 (N.D. Ohio 2014), *aff'd*, 808 F.3d 1074 (6th Cir. 2015) (collecting cases); *United States v. Dobbs*, 506 F.2d 445, 447 (6th Cir. 1975) ("evidence of noncriminal conduct to negate the inference of criminal conduct is generally irrelevant"). But evidence of lawfulness may be relevant if the defendant is charged with a scheme or alleged to have continuously committed the acts alleged. *Dobbs*, 506 F.2d. at 447 (finding reverse 404(b) evidence not relevant without a scheme).

First, evidence that Mr. Price gave drugs to the victims in this case when they experienced withdrawal, without enticing them to engage in sex acts, is *res gestae* evidence that does not implicate Rule 404(b). *Res gestae* evidence, or background evidence, is admissible "in limited circumstances when the evidence includes conduct that is inextricably intertwined with the charged offense." *United States v. Churn*, 800 F.3d 768, 779 (6th Cir. 2015) (quotation omitted) (explaining that res gestae evidence includes evidence that "is directly probative of the changed offense, arises from the same events as the charged offense, forms an integral part of the witness's testimony, or completes the story of the charged offense"). Evidence of other instances when Mr. Price gave drugs to the victims is inextricably intertwined with the charged offenses and is admissible.

Second, the reverse 404(b) evidence that Mr. Price seeks to offer at trial is not "lawful" conduct because it involves the distribution of illegal narcotics. But by offering evidence that he gave drugs to other people experiencing withdrawal, Mr. Price hopes to negate the element of

7

coercion to engage in sex acts that makes this conduct a federal offense under 18 U.S.C. § 1591. *See Mack*, 298 F.R.D. at 352 n. 1.

Since the Government alleges that Mr. Price engaged in a continuous scheme of coercing drug-addicted individuals to engage in sex acts in exchange for drugs, (*see, e.g.*, ECF No. 973), evidence that he offered drugs to other people experiencing withdrawal without coercing them into sex acts may be relevant. *See Dobbs*, 506 F.2d. at 447. But even if this evidence is admissible under Rule 404(b), it still must survive scrutiny under Rule 403. *United States v. Lattner*, 385 F.3d 947, 955 (6th Cir. 2004). Rule 403 instructs the Court to "determine whether the 'other acts' evidence is more prejudicial than probative." *Id.* Whether other people experiencing withdrawal who received drugs from Mr. Price felt coerced or forced to engage in sex acts after receiving the drugs offers limited probative value as to whether the victims here felt coerced. *See Mack*, 298 F.R.D. at 354 (explaining that juries are instructed to consider the victims' backgrounds and assess whether a reasonable person with the same background would have felt coerced). Such evidence may confuse to the jury and could distract them from their determination of the charged conduct involving Jane Does Four, Five and Six.

With this cautionary note, the Court will not summarily deny the Government's Motion on ground three, but reserves judgment on whether Mr. Price's other acts evidence is admissible under Rule 404(b) and Rule 403. The Government's Motion on ground three is thus **HELD IN ABEYANCE**.

### D. Evidence of Punishment or Sentencing

The Government seeks to exclude evidence of Defendants' sentence, punishment, or collateral consequences following a conviction at trial. (Mot., PageID 5482.) Mr. Price responds that he "does not intend to argue potential penalties he may face." (Opp., PageID 5592.) Since Mr.

8

Price does not oppose the Motion on ground four and Mr. Johnson did not respond, the Motion is **GRANTED** on this ground.

### III.    CONCLUSION

The Government's Motion in Limine (ECF No. 970) is **GRANTED IN PART and HELD IN ABEYANCE IN PART**.


**IT IS SO ORDERED.**

| | |
|---|---|
| **1/6/2025** | **s/Edmund A. Sargus, Jr.** |
| **DATE** | **EDMUND A. SARGUS, JR.** |
| | **UNITED STATES DISTRICT JUDGE** |