UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

    **v.**                                        **Case No. 2:22-cr-117(3)**
                                          **JUDGE EDMUND A. SARGUS, JR.**

**DAVID PRICE,**

        **Defendant.**

**OPINION AND ORDER**

This matter, which is set for trial to begin on January 13, 2025 (ECF No. 924), is before the Court on Defendant David Price's Motion in Limine (Mot., ECF No. 975). Mr. Price seeks to exclude from trial (1) anonymous tips or reports of drug or sex trafficking, (2) evidence of Mr. Price's prior felony convictions, (3) electronic evidence without proper authentication, and (4) statements of deceased informants. (*Id.* PageID 5517–18.) The Government responded to Mr. Price's Motion. (Resp., ECF No. 978.) For the reasons below, Mr. Price's Motion (ECF No. 975) is **HELD IN ABEYANCE IN PART, GRANTED IN PART** and **DENIED IN PART**.

    **I.**        **STANDARD OF REVIEW**

Neither the Federal Rules of Evidence nor the Federal Rules of Civil Procedure explicitly authorize a court to rule on an evidentiary motion in limine. The United States Supreme Court has noted, however, that the practice of ruling on such motions "has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States,* 469 U.S. 38, 41 n.4 (1984) (citing Rule 103(c) of the Federal Rules of Evidence).

Motions in limine allow the Court to rule on the admissibility of evidence before trial to expedite proceedings and provide the parties with notice of the evidence on which they may not

rely to prove their case. *Bennett v. Bd. of Educ. of Washington Cnty. Joint Vocational Sch. Dist.*, C2-08-CV-0663, 2011 WL 4753414, at * 1 (S.D. Ohio Oct. 7, 2011) (Marbley, J.). "To prevail on a motion in limine, the movant must show that the evidence is clearly inadmissible." *Id.* (citation omitted). "If the movant fails to meet this high standard, a court should defer evidentiary rulings so that questions of foundation, relevancy, and potential prejudice may be resolved in the context of trial." *Henricks v. Pickaway Corr. Inst.*, No. 2:08-CV-580, 2016 WL 4577800, at *2 (S.D. Ohio Sept. 2, 2016) (Marbley, J.) (citing *Ind. Ins. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004)).

Whether to grant a motion in limine is within the sound discretion of the trial court; the Court may reconsider the admissibility of evidence and even change its ruling on a motion in limine "as the proceedings give context to the pretrial objections." *Id.* (citing *Branham v. Thomas M. Cooley Law Sch.*, 689 F.3d 558, 562 (6th Cir. 2012); *Bennett*, 2011 WL 4753414, at * 1.)

## II. ANALYSIS

Mr. Price seeks to exclude four categories of evidence and arguments related to that evidence. (*See* Mot.) The Court addresses each category of evidence in turn.

### A. Anonymous Tips

Mr. Price seeks an order excluding evidence of "anonymous tips related to drug activity and purported sex trafficking." (Mot., PageID 5517.) He argues that any references to anonymous tips, without live testimony and subject to cross-examination, would violate Rule 803 of the Federal Rules of Evidence and his rights under the Confrontation Clause. (*Id.*) The Government responds and explains that anonymous tips generally may be admissible if they are not offered for the truth of the matter asserted. (Resp., PageID 5554–55.) The Government also explains that anonymous tips may fall under one of the exceptions under Rule 803 to the rule against hearsay.

(*Id.*) But without the identification of a specific statement that Mr. Price seeks to exclude, the Government explains that it "is impossible for [it] to respond in a more fulsome manner." (*Id.* PageID 5554.)

The Confrontation Clause of the Sixth Amendment guarantees a criminal defendant "the right . . . to be confronted with the witnesses against him." U.S. Const. amend. VI. Ordinarily, this means that a defendant "must be permitted to cross-examine the prosecution's witnesses at trial." *United States v. Harrison*, 54 F.4th 884, 887 (6th Cir. 2022). "But when a witness can't testify at trial and hasn't been cross-examined, the Confrontation Clause forbids entry of the witness's statements that are: (1) testimonial and (2) hearsay." *Id*.

Statements made by a confidential informant are testimonial and subject to the Confrontation Clause. *United States v. Cromer*, 389 F.3d 662, 675–76 (6th Cir. 2004). But the Sixth Circuit clarified that the Confrontation Clause "does not bar the use of testimonial statements asserted for purposes other than establishing the truth of the matter asserted." *Id.* (quoting *Crawford v. Washington*, 541 U.S. 36, 59 n.9 (2004)). So, for example, the Confrontation Clause is not implicated by statements made by a confidential informant that "serve the purpose of explaining how certain events came to pass or why the officers took the actions they did." *Id.* (citing *United States v. Martin*, 897 F.2d 1368, 1371–72 (6th Cir. 1990) (concluding that the Confrontation Clause is not implicated where assertions are offered merely to explain why government launched an investigation)).

Mr. Price does not identify the statements or assertions he seeks to exclude under this doctrine. He does not explain whether the purported anonymous tips or reports of drug trafficking or sex trafficking are being offered to prove the truth of the matter asserted, or for some other permissible purpose.

The Court appreciates Mr. Price previewing this evidentiary issue; but without evidence of specific statements, the Court cannot rule at this time. The Court reserves on ground one so that the issue may be resolved in the context of trial. Accordingly, Mr. Price's Motion on ground one is **HELD IN ABEYANCE**.

### B. Mr. Price's Prior Felony Convictions

Next, Mr. Price states that he "will stipulate that he has a prior felony conviction" and thus the Government should be "prohibit[ed] from offering evidence of the subject of [Mr. Price]'s prior felony convictions." (Mot., PageID 5517.) The Government responds that it does not oppose Mr. Price's proposed stipulation. (Resp., PageID 5555.) Accordingly, Mr. Price's Motion on ground two is **GRANTED** as unopposed.

### C. Electronic Evidence under Rule 902(14)

The Government intends to introduce electronic evidence by certification under Rule 902(14) of the Federal Rules of Evidence. (Resp., PageID 5555.) In the Government's Notice of Intent to Introduce Evidence Pursuant to Rules of Evidence 902, it explained that "law enforcement seized numerous digital devices from various residential or vehicle search warrant executions, traffic stops, and police encounters with individuals involved in or related to the investigation." (ECF No. 955, PageID 5254.) The Government intends to introduce evidence found from those devices at trial. (*Id.*) In its Supplemental Notice, the Government indicated that it intends to introduce evidence obtained from a ring camera, various mobile devices, and jail calls from the Butler County Jail and the Stryker Corrections Center. (ECF No. 978, PageID 5520–21.)

Mr. Price moves to exclude this evidence under Rule 902(14) arguing that the Government has not established the qualifications of the persons providing the certification of authenticity "other than the self-serving statements of Special Agent Sal[t]ar regarding his qualifications."

4

(Mot., PageID 5518.) "[E]ven if the Court determines that the electronic evidence is authentic," Mr. Price contends that the Government "must be required to lay a proper foundation for electronic evidence to be admitted as evidence." (*Id.*)

To authenticate evidence, "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901. But some evidence is "self-authenticating" and requires "no extrinsic evidence of authenticity to be admitted." Fed. R. Evid. 902. One category of such evidence is "[d]ata copied from an electronic device, storage medium, or file, if authenticated by a process of digital identification, as shown by a certification of a qualified person that complies with the certification requirements of 902(11) or (12)." Fed. R. Evid. 902(14).

The Government relies on *Dunnican* to support its argument that the data enumerated in its Notices is self-authenticating. (Resp., PageID 5555 (citing *United States v. Dunnican*, 961 F.3d 859, 872 (6th Cir. 2020)).) In that case, the Sixth Circuit affirmed the district court's decision to admit text message evidence extracted from the defendant's cellular phone. *Id.* The prosecutor filed notice of intent to use the certification method under Rule 902(14). *Id.* The government agent who performed the data extraction signed the certification and explained how the data was extracted and the district court found that the evidence was properly self-authenticated. *Id.*

The present circumstances are analogous to *Dunnican*. The Government filed notice of its intent to certify certain electronic records. (ECF Nos. 955, 976.) Those notices advised that the records were extracted by federal law enforcement officials with extensive experience extracting data from electronic devices. (*Id.*) And "those agents who certified the authentication method did not interpret the software's reports, but rather demonstrated how the software satisfies Rule 902's requirements." *United States v. Anderson*, 563 F. Supp. 3d 691, 696 (E.D. Mich. 2021) (concluding

5

that the self-authentication process for extracting text messages was identical to the process upheld in *Dunnican* and the defendant could not exclude text message data on authenticity grounds).

Specifically, the Government offers Certificates of Authenticity from FBI Special Agent Josh Saltar (ECF No. 955-1), Columbus Police Officer and former Task Officer with the Central Ohio Human Trafficking Task Force Amanda Kasza (ECF No. 955-2), Forensic Computer Specialists with the Ohio Narcotics Intelligence Center Robert Seum and Phillip Hinders (ECF Nos., 955-2, 955-3, 955-4), Computer Forensic Analyst Christopher Beattie (ECF Nos. 955-6, 955-7, 955-8) and National Program Manager Jason Kearns (ECF Nos. 955-9, 955-10) with Homeland Security Investigations. Each certificate outlined the certifiers' qualifications to perform the extractions, the process used to copy those records, an explanation that the process was completed using approved forensic tools, and that the copied files from the various devices reflected true and accurate copies of the contents of those devices.

Additionally, the software used here—Cellebrite—"has been tried and tested by Government attorneys in federal courts across the country." *Anderson*, 563 F. Supp. 3d at 696 (collecting cases); *see also United States v. Williams*, 83 F.4th 994, 997 (5th Cir. 2023) ("Every circuit that has addressed this question—whether evidence obtained with Cellebrite [or similar] technology requires expert testimony for admission—has answered it in the negative.").

The Government's self-authentication process for the extraction of digital data is identical to the process upheld in *Dunnican*. 961 F.3d at 872. Accordingly, Mr. Price cannot exclude such evidence on authenticity grounds. Mr. Price, however, may object to the admissibility or publication of the digital evidence on other grounds. Mr. Price's Motion on ground three is therefore **DENIED**.

### D. Statements of Deceased Informants

Last, Mr. Price seeks to exclude "statements of a deceased informant elicited by police officers which were not under oath or subject to cross-examination." (Mot., PageID 5518.) He argues that the statements are inadmissible under the Confrontation Clause because he "does not have the opportunity to test the credibility of the statements by cross-examination." (*Id.*) Mr. Price does not identify which specific statements he seeks to exclude. (*See id.*)

The Government responds that "[w]ithout additional information from Price, it is impossible to evaluate" whether these statements should be admitted. (Resp., PageID 5557.) Yet in a separate motion, the Government moved to admit statements that deceased person T.C. made to a Columbus Division of Police Officer related to Mr. Price controlling activity at T.C.'s apartment. (ECF No. 968.) The Government argues that Mr. Price prevented T.C. from testifying about Mr. Price's drug operations by causing T.C.'s death by a drug overdose. (*Id.* Page ID 5458.) Therefore, the Government argued that T.C.'s statements were admissible under the forfeiture-by-wrongdoing exception of Federal Rule of Evidence 804(b). (*Id.*) Mr. Price opposed that motion (ECF No. 986), and the Court issued an Opinion and Order holding the Government's motion in abeyance (ECF No. 1033).

It is unclear whether the "statements of a deceased informant" that Mr. Price refers to in his Motion are the same statements addressed by the Court in its previous Opinion and Order. Without more information from Mr. Price or the Government, the Court will not summarily deny Mr. Price's Motion, but will reserve and hold it in abeyance so that it may be resolved in the context of trial. Accordingly, Mr. Price's Motion on ground four is **HELD IN ABEYANCE**.

### III. CONCLUSION

For the reasons stated above, Mr. Price's Motion in Limine (ECF No. 975) is **HELD IN ABEYANCE IN PART, GRANTED IN PART,** and **DENIED IN PART**.

    IT IS SO ORDERED.


**1/6/2025**                                    **s/Edmund A. Sargus, Jr.**
**DATE**                                           **EDMUND A. SARGUS, JR.**
                                                       **UNITED STATES DISTRICT JUDGE**