UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

    Case No. 2:22-cr-117(3), (5)
    JUDGE EDMUND A. SARGUS, JR.

DAVID PRICE and
TAVARYYUAN JOHNSON,

    Defendants.

## ORDER

This matter, which is set for trial to begin on January 13, 2025 (ECF No. 924), is before the Court on the Government's Motion in Limine filed March 15, 2024 (Mot., ECF No. 729). Without identifying specific statements of concern, the Government moves the Court for an order prohibiting Defendants David Price and Tavaryyuan Johnson from eliciting their own out-of-court statements through cross-examination of the Government's witnesses. (*Id.*, PageID 3066.) Defendant Price responded in opposition to the Government's Motion on March 25, 2024. (Opp., ECF No. 738.) Defendant Johnson did not respond.

Federal Rule of Evidence 801(d)(2) excludes from the definition of hearsay statements "offered against an opposing party" where the statement "was made by the party in an individual or representative capacity." Fed. R. Evid. 801(d)(2)(A). Generally, this rule would allow introduction of past, out-of-court statements made by a party (in this case, one of the Defendants) only when those statements are offered by the opposing party (in this case, the Government) against the declarant-party. Under Rule 106, however, "[i]f a party introduces all or part of a statement, an adverse party may require the introduction, at that time, of any other part—or any other

statement—that in fairness ought to be considered at the same time. The adverse party may do so over a hearsay objection." Fed. R. Evid. 106; *see United States v. Glover*, 101 F.3d 1183, 1190 (6th Cir. 1996) (stating a four-part test for whether the proposed additional statement clarifies or explains the portion offered by the opponent). Rule 106 was amended in 2023 to add the portion regarding hearsay.

Given that the Government has not identified any specific statements of concern, and given the potential for Defendants' statements to be admitted pursuant to Rule 106 and the doctrine of completeness, the Court finds it inappropriate before trial to issue a blanket order prohibiting the introduction of all out-of-court statements made by Defendants. If Defendants attempt to introduce evidence of their own statements at trial under Rule 106, the Court can address any objections from the Government on a case-by-case basis. The Court **DENIES WITHOUT PREJUDICE** the Government's Motion in Limine. (ECF No. 729.)

**IT IS SO ORDERED.**

| | |
|---|---|
| 1/6/2025 | s/Edmund A. Sargus, Jr. |
| **DATE** | **EDMUND A. SARGUS, JR.** |
| | **UNITED STATES DISTRICT JUDGE** |