UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,
        Plaintiff,

   v.                               Case No. 2:22-cr-117(3)
                                   JUDGE EDMUND A. SARGUS, JR.

DAVID PRICE,
        Defendant.

## OPINION AND ORDER

Before the Court is the Government's Motion in Limine to Preclude Evidence Pursuant to Federal Rule of Evidence 412. (Gov't Mot., ECF No. 971.) Defendant David Price filed a Memorandum in Opposition to Government's Motion in Limine to Exclude Evidence Under FRE 412 [DE 971] and Defendant's FRE 412(c) Motion to Introduce Evidence Under FRE 412. (Price Mot., ECF No. 983.) Upon review of the filings, the Court put on an order holding the Government's Motion in abeyance and ordering Mr. Price, to "tell the Court and the Government what evidence, with specificity, he seeks to offer under Rule 412," as required by Federal Rule of Evidence 412(c)(1)(A), through *in camera* review. (ECF No. 1038.) Mr. Price did so.

A multi-week trial is set to begin on January 13, 2025, and the Court held a final pretrial conference on January 7, 2025. (ECF No. 924.) At the conference, the Court and parties discussed the Rule 412 Motions, and the parties explained their respective positions. (ECF No. 1042.)

For the reasons below and on the record at the final pretrial conference, the Government's Motion in Limine is **GRANTED IN PART** and **HELD IN ABEYANCE IN PART**. (ECF No. 971.) Mr. Price's Motion is **HELD IN ABEYANCE IN PART** and **DENIED IN PART**. (ECF No. 983.)

I.  STANDARD OF REVIEW

Neither the Federal Rules of Evidence nor the Federal Rules of Civil Procedure explicitly authorize a court to rule on an evidentiary motion in limine. The United States Supreme Court has noted, however, that the practice of ruling on such motions "has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States,* 469 U.S. 38, 41 n.4 (1984) (citing Federal Rule of Evidence 103(c)).

Motions in limine allow the Court to rule on the admissibility of evidence before trial to expedite proceedings and provide the parties with notice of the evidence on which they may not rely to prove their case. *Bennett v. Bd. of Educ. of Washington Cnty. Joint Vocational Sch. Dist.*, C2-08-CV-0663, 2011 WL 4753414, at * 1 (S.D. Ohio Oct. 7, 2011) (Marbley, J.). To prevail on a motion in limine, the movant must show that the evidence is clearly inadmissible. *Id.* (citation omitted). If the movant fails to meet that high standard, a court should defer evidentiary rulings so that questions of foundation, relevancy, and potential prejudice may be resolved in the context of trial. *Henricks v. Pickaway Corr. Inst.*, No. 2:08-CV-580, 2016 WL 4577800, at *2 (S.D. Ohio Sept. 2, 2016) (Marbley, J.) (citing *Ind. Ins. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004)).

Whether to grant a motion in limine is within the sound discretion of the trial court; the Court may reconsider the admissibility of evidence and even change its ruling on a motion in limine "as the proceedings give context to the pretrial objections." *Id.* (citing *Branham v. Thomas M. Cooley Law Sch.*, 689 F.3d 558, 562 (6th Cir. 2012); *Bennett*, 2011 WL 4753414, at * 1.)

II. ANALYSIS

The Government asks the Court to issue an order under Federal Rule of Evidence 412 prohibiting Mr. Price from introducing any evidence about the sexual histories or predispositions of the alleged victims of sex trafficking charges brought against him. (Gov't Mot. PageID 5484.)

2

The Government states that between 2017 and 2022, Mr. Price and other members of a drug trafficking organization forced and coerced adult female drug addicts to perform commercial sex acts by providing, withholding, or threatening to withhold controlled substances and lodging. (*Id.* PageID 5486.) It also explains how Mr. Price would lock the alleged victims in his residence, withhold drugs, and force them to engage in sex acts with him for hours or days. (*Id.* PageID 5487–88.) The Government also explains that Jane Doe Five and Six engaged in commercial sexual activity before meeting Mr. Price, and that it believes Jane Doe Four may have engaged in sexual activities to obtain drugs or a place to stay, or online sexualized behaviors, before her interactions with Mr. Price. (*Id.* PageID 5488.)

Mr. Price filed his memorandum in opposition to the Government's Motion together with his own Motion under Rule 412(c) to introduce evidence under Rule 412. (Price Mot.) Mr. Price seeks to offer evidence that shows he "was a customer of one or more of the alleged victims and that they voluntarily engaged in consensual sex with him." (*Id.* PageID 5584.) He also states that he "engaged in consensual, non-commercial sexual relationships with one or more of the alleged victims." (*Id.* PageID 5584–85.) "The consent of the alleged victims will be a crucial and hotly contested issue at trial," say Mr. Price. (*Id.* PageID 5585.) He argues the exceptions under subsections (b)(1)(B) and (C) of Rule 412 apply and so the Court should deny the Government's Motion. (*Id.* PageID 5585–87.) Under subsection (C), Mr. Price argues cross-examination of the alleged victims about their "prostitution before and after their alleged association with" him should be allowed under the Sixth Amendment's Confrontation Clause. (*Id.* PageID 5586–87.)

The Court first summarizes Federal Rule of Evidence 412. Then, the Court turns to Mr. Price's argument that evidence of his past sexual relations with alleged victims is admissible under Federal Rule of Evidence 412(b)(1)(B). Finally, the Court addresses Mr. Price's assertion that alleged victims' prior prostitution not related to Mr. Price should be admitted under

subsection (b)(1)(C).

### A. Federal Rule of Evidence 412

Federal Rule of Evidence 412 is called the federal "rape shield" law. *United States v. Mack*, No. 1:13CR278, 2014 WL 356502, at *2 (N.D. Ohio Jan. 31, 2014) (Lioi, J.). The Rule prohibits the use of evidence in civil and criminal proceedings offered to prove a victim engaged in other acts of sexual behavior, or had a propensity to engage in such activity. Fed. R. Evid. 412(a). The Rule's purpose is to "'protect victims of rape from being exposed at trial to harassing or irrelevant inquiry into their past sexual behavior.'" *Mack*, 2014 WL 356502, at *2 (quoting *United States v. Saunders*, 943 F.2d 388, 392 (4th Cir. 1991)). The hope behind the Rule is that such protections will encourage victims of sexual abuse to report their abusers. *See* Fed. R. Evid. 412 advisory committee's note to 1994 amendments.

Subsection (b) of the Rule contains three exceptions in criminal cases, two of which Mr. Price argues apply here: "(B) evidence of specific instances of a victim's sexual behavior with respect to the person accused of the sexual misconduct, if offered by the defendant to prove consent or if offered by the prosecutor"; and "(C) evidence whose exclusion would violate the defendant's constitutional rights." Fed. R. Evid. 412(b)(1)(B) and (C).

### B. Evidence of Mr. Price and Alleged Victims' Past Sexual Relations

As discussed above, Mr. Price wants to cross examine the alleged victims about their prior sexual relations with him, arguing in some cases he paid the victims for sex or the relationship was consensual. (Price Mot.) The plain text of Rule 412(b)(1)(B) indicates such evidence is admissible. Fed. R. Evid. 412(b)(1)(B); *see Mack*, 2014 WL 356502, at *2 (explaining that the government conceded that under (b)(1)(B) the defendant could offer other acts of sexual conduct between the alleged victims and him, specifically the introduction of evidence on cross-examination that one victim engaged in sexual relations with the defendant in

4

exchange for drugs and that another victim had a consensual relationship with the defendant). At the final pretrial conference, the parties reached consensus on the record that Mr. Price could cross examine the alleged victims about their past sexual relationships with him.

As the Court explained in its recent Order requiring Mr. Price to tell the Court and Government what evidence, with specificity, he sought to offer under Rule 412, Rule 412(c) details the procedure a party must follow if it intends to offer evidence under Rule 412(b):

> (1) Motion. If a party intends to offer evidence under Rule 412(b), the party must:
>
>   (A) file a motion that specifically describes the evidence and states the purpose for which it is to be offered;
>
>   (B) do so at least 14 days before trial unless the court, for good cause, sets a different time;
>
>   (C) serve the motion on all parties; and
>
>   (D) notify the victim or, when appropriate, the victim's guardian or representative.
>
> (2) Hearing. Before admitting evidence under this rule, the court must conduct an in camera hearing and give the victim and parties a right to attend and be heard. Unless the court orders otherwise, the motion, related materials, and the record of the hearing must be and remain sealed.

Fed. R. Evid. 412(c); (Order, ECF No. 1038.) The Court explained that it would treat Mr. Price's filing at ECF No. 983 as a motion in compliance with the 14-day requirement in subsection (c)(1)(B) (and (C)), and the Court required the Government to notify any victim of any forthcoming proceedings. (Order, ECF No. 1038.) Through his *in camera* submission, Mr. Price satisfied the requirements of Rule 412(c)(1)(A).

To avoid any doubt that there has been compliance with subsection (c)(2) of the Rule, the Court **SETS AN *IN CAMERA* HEARING for January 13, 2025 at 4:00 p.m.**, regarding admission of the Rule 412(b)(1)(B) evidence. The Government is **ORDERED** to file a Notice by **3:00 p.m. on January 9, 2025**, stating that it has notified any alleged victim of the Rule

5

412(b)(1)(B) evidence Mr. Price intends to offer and of the victim's right to attend the hearing and be heard. If the Government certifies to the Court that it notified the victim(s) as stated in the prior sentence before the final pretrial conference (which no victim attended), the Court will construe that as the Rule 412(c)(2) hearing and vacate the hearing set for **January 13, 2025 at 4:00 p.m.**

Despite the parties' agreement at the final pretrial conference, the Government's Motion is thus **HELD IN ABEYANCE** and Mr. Price's Motion **HELD IN ABEYANCE** on this ground, awaiting the forthcoming notice by the Government.

### C. Evidence of Alleged Victims' Prior Prostitution Not Involving Mr. Price

Attempting to employ the exception enumerated in Rule 412(b)(1)(C), Mr. Price argues that broader evidence of alleged victims' past prostitution should be admitted too:

> Some of the alleged victims were by their own admission engaged in prostitution before and after their alleged association with Mr. Price. Thus, they have admitted participation in illegal activities and have a clear motive to offer testimony they view as favorable to the Government to avoid any perceived possibility of prosecution for their own criminal activities. Consequently, the Sixth Amendment requires that Mr. Price be allowed to cross-examine the victims regarding their involvement in prostitution to demonstrate their bias.

(ECF No. 983, PageID 5587.) But Sixth Circuit precedent has explicitly barred use of this type of evidence under Rule 412:

> Our caselaw holds that, in sex trafficking cases under § 1591(a), Federal Rule of Evidence 412 bars the use of prior acts of willing prostitution, unrelated to the defendant, to raise the inference that a defendant's use of force or threats "did not coerce" (or cause) a victim to engage in commercial sex acts on another occasion.

*Gardner v. United States*, 122 F.4th 254, 260 (6th Cir. 2024) (citing *United States v. Mack*, 808 F.3d 1074, 1084 (6th Cir. 2015); *see also United States v. Bixler*, No. 21-5194, 2022 WL 247740, at *4 (6th Cir. Jan. 27, 2022) ("[A]ll of the women admitted to purchasing, possessing, and using illicit drugs. Therefore, the jury possessed sufficient information concerning the

women's motives to testify, which arose from the prospect of potential punishment and not from the nature of their conduct. . . . We agree with the great weight of authority from our sister circuits that prior acts of prostitution are irrelevant to sex trafficking charges under § 1591(a)."); *United States v. Jakits*, No. 2:22-CR-194, 2023 WL 3534612, at *6 (S.D. Ohio May 18, 2023) (collecting cases).

Evidence of the alleged victims' history of prostitution not related to Mr. Price is excluded. On that ground, the Government's Motion is **GRANTED** and Mr. Price's Motion is **DENIED**.

### III. CONCLUSION

The Government's Motion in Limine is **GRANTED IN PART** and **HELD IN ABEYANCE IN PART**. (ECF No. 971.) Mr. Price's Motion is **HELD IN ABEYANCE IN PART** and **DENIED IN PART**. (ECF No. 983.)

To avoid any doubt that there has been compliance with Rule 412(c)(2), the Court **SETS AN *IN CAMERA* HEARING for January 13, 2025 at 4:00 p.m.**, regarding admission of the Rule 412(b)(1)(B) evidence. The Government is **ORDERED** to file a Notice by **3:00 p.m. on January 9, 2025**, stating that it has notified any alleged victim of the Rule 412(b)(1)(B) evidence Mr. Price intends to offer, and of the victim's right to attend the hearing and be heard. If the Government certifies to the Court that it notified the victim(s) as stated in the prior sentence before the final pretrial conference (which no victim attended), the Court will construe that as the Rule 412(c)(2) hearing and vacate the hearing set for **January 13, 2025 at 4:00 p.m.**

IT IS SO ORDERED.

| | |
|---|---|
| **1/8/2025** | **s/Edmund A. Sargus, Jr.** |
| DATE | EDMUND A. SARGUS, JR. |
| | UNITED STATES DISTRICT JUDGE |